### In re CHANEY.

Court of Claims of Ohio,
Victims of Crime Division.

No. V91–60818.

Decided Oct. 29, 1993.

*Thomas G. Lobe,* for the applicant.

*Lee Fisher,* Attorney General, for the state.

OPINION OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on December 17, 1992 at 1:00 p.m. upon applicant Donna M. Chaney's July 9, 1992 objection and notice of appeal to the June 26, 1992 decision of the single commissioner.

The Attorney General attended the hearing, while neither the applicant nor anyone on her behalf was present. The Attorney General waived oral argument, but responded to questions from the panel.

The single commissioner had denied the applicant an award of reparations due to her failure to report the criminally injurious conduct to law enforcement officials within seventy-two hours or to show good cause for her delay in reporting the criminally injurious conduct. R.C. 2743.60(A) states in pertinent part:

"An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which he bases his claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two hour period."

The evidence indicates that applicant was raped on July 29, 1990, by David Woytek. Applicant told her mother about the rape on September 29, 1990, when she discovered she was pregnant, but law enforcement was not notified until October 17, 1990. The applicant argued in her objection and notice of appeal that her mental impairment contributed to her delay in reporting the criminally injurious conduct. The Attorney General argued that while applicant has a mental impairment, it did not affect her daily activities or ability to work as an executive secretary and, therefore, is not good cause for the delay in reporting the criminally injurious conduct.

This panel is of the opinion that applicant's mental impairment did contribute to her delay in reporting the criminally injurious conduct and constitutes good cause. The applicant was involved in a very serious automobile accident on September 1, 1989, less than a year before the criminally injurious conduct. This accident necessitated applicant's being life-flighted to a hospital, where she remained three weeks, six days of which she was in a coma. Applicant was transported to another facility, where she took part in a brain rehabilitation program for six weeks as an in-patient and then continued the therapy for seven months as an out-patient. Dr. Susan Chester, a neurologist at Cleveland Metro General Hospital, allegedly diagnosed applicant as having ten percent brain damage.

Applicant submitted the neuropsychological evaluation conducted by Jill Winegardner, Ph.D., a neuropsychologist and the Program Director for the Metro Health Brain Injury Rehabilitation Program. Winegardner stated applicant showed difficulty with general problem solving and reasoning skills, and her "major difficulties are in her language abilities." Applicant had difficulty finding words to identify familiar subjects. Winegardner states applicant "appears to have lost access to her semantic knowledge in general." Applicant also did poorly on a vocabulary test, not being able to give meanings for words such as "conceal" and "terminate." Applicant had difficulty on a wide variety of tasks involving problem solving and her full scale IQ is eighty-two. Winegardner stated that it was unclear whether applicant would be able to return to her clerical job.

The mental impairment of the applicant constitutes good cause for her delay in reporting the criminally injurious conduct. An individual with no mental impairment, who was raped, may experience difficulty in expressing what happened. It is definitely possible, therefore, that an individual who is mentally impaired would be even less capable of reporting the rape. Applicant is mentally impaired and has serious language difficulties: she has difficulty naming common known objects and defining words. Applicant also has difficulty with problem solving and reasoning; therefore, she may not have realized or felt that reporting the criminally injurious conduct should be done promptly. The Attorney General states in his brief that the reasons given on the application for the delay were applicant's embarrassment and being scared, while her affidavit states fear and her nervousness for the delay. However, this panel is of the opinion that these feelings by the applicant could have been exacerbated by her impairment. Applicant had just completed her brain rehabilitation program approximately two months before the criminally injurious conduct.

Upon review of the file, with full consideration given to the medical evidence, this panel finds the applicant's delay in reporting the criminally injurious conduct

can be attributed to her mental impairment, and, therefore, applicant had good cause for her failure to report the criminally injurious conduct within seventy-two hours. Hence, we find further that the July 9, 1992 objection and notice of appeal of the applicant is well taken and the June 26, 1992 decision of the single commissioner must be reversed. This claim shall be remanded to the single commissioner for determination and referred to the Attorney General for a new finding of fact and recommendation concerning economic loss.

*So ordered.*

JAMES H. HEWITT III, KARL H. SCHNEIDER and PHILLIP E. PARISI, Commissioners, concur.